UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00259-MOC-DLH

| | | |
|---|---|---|
| **THOMAS W. HILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **PATRICK L. MCCRORY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on pro se Plaintiff's Motion for Temporary Restraining Order ("TRO") (#3). The court notes that Plaintiff filed his Complaint (#1) on July 27, 2016 and filed his Motion for a TRO the same day. As it does not appear that all Defendants in this matter have been served, no counsel has made an appearance in this case on behalf of Defendants. Nonetheless, the court has expedited consideration of this request given the apparent time-sensitive nature of Plaintiff's Motion.

Applications for issuance of a TRO are governed by Fed. R. Civ. P. 65(b), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. The court notes that "the issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and

Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.). In evaluating a request for a TRO, the court considers the same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)). In assessing such factors, Plaintiffs must demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in his favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735, 191 L. Ed. 2d 702 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The court has closely read the Complaint (#1), the documents attached, and the arguments stated in the instant motion. The court finds that Plaintiff's Motion fails to make the required showing. Plaintiff states that he moves the court for a TRO "directed to the North Carolina State Board of Elections which temporarily stays the certification of the results of the election conducted 7 June 2016 in the Democratic Congressional primary for the 11th District of North Carolina." See (#3) at p. 1. In his Complaint, Plaintiff states that he was a candidate for the Democratic nomination in the 11th District in both the March and June 2016 primary elections. In his First Cause of Action, Plaintiff appears to allege that the "ballot switching" authorized by the political parties in North Carolina violates the First Amendment of the United States Constitution. Plaintiff argues that persons registered as unaffiliated voters in March 2016 were allowed to change their status to become affiliated with a party, and that certain voters registered as Republicans or Democrats were allowed to switch to "unaffiliated" or switch party affiliations

by the June 2016 election and that such action violated the First Amendment.[1] Plaintiff's second cause of action also appears to be premised on the First Amendment, and asserts that the State Board of Elections' failure to provide the results of the March 2016 primary violates Plaintiff's First Amendment rights.

Regarding the TRO, the court has first considered Plaintiff's likelihood of success on the merits of his case and finds that based on the apparently well-reasoned decision of the State Board of Elections that Plaintiff appeals here, such likelihood is minimal. As noted by the State Board of Elections, North Carolina law provides that unaffiliated voters may participate in primary contests and that unaffiliated voters were legally authorized to participate in all primary contests held in 2016:

> If a political party has, by action of its State Executive Committee reported to the State Board of Elections by resolution delivered no later than the first day of December preceding a primary, provided that unaffiliated voters may vote in the primary of that party, an unaffiliated voter may vote in the primary of that party by announcing that intention under G.S. 163-166.7(a). For a party to withdraw its permission, it must do so by action of its State Executive Committee, similarly reported to the State Board of Elections no later than the first day of December preceding the primary where the withdrawal is to become effective.

N.C. Gen. Stat. Ann. § 163-119. To the extent that Plaintiff challenges the ability of unaffiliated voters to cast votes for a candidate of either party in the March and June 2016 elections, such argument appears to be squarely foreclosed by state law. While Plaintiff now asserts First Amendment challenges to such process, it is unclear to the court, based on the Complaint, how

---

1 As noted by the State Board of Elections in its June 22, 2016 decision, in February 2016, a three-judge panel of federal judges, including the undersigned, enjoined the State of North Carolina from holding elections for the U.S. House of Representatives and Ordered that the General Assembly adopt a new congressional district. See Harris v. McCrory, No. 1:13-CV-949, 2016 WL 482052, at *21 (M.D.N.C. Feb. 5, 2016). The North Carolina General Assembly approved new congressional districts and passed legislation providing that the votes cast in the March 2016 primary races for the U.S. House of Representatives shall not be certified and would not become part of the public record. See N.C. Sess. Laws 2016-2 § 4. They also provided that the "second" primary election for the U.S. House of Representatives would be held on June 7, 2016. Id.

Plaintiff would be able to succeed on such claims given the lack of argument or legal authority supporting such position. As to the remaining three factors, Plaintiff has failed to make any argument that he will suffer irreparable harm absent a TRO, that the balance of harm weighs in his favor, or that a TRO would be in the public interest. Having considered those factors in the light most favorable to the pro se Plaintiff, the court fails to find any compelling reason to grant a TRO in this instance.

The court is also concerned about its jurisdiction to enter a TRO as requested by Plaintiff. Here, Plaintiff filed a protest with the State Board of Elections, raising his arguments about the propriety of unaffiliated voters to choose a different partisan ballot in the March and June primaries. The Board of Elections held a hearing in Raleigh, NC on July 18, 2016 and issued a decision dismissing Plaintiff's election protest on July 22, 2016. North Carolina law provides a right to appeal from a final decision of the State Board of Elections, but specifies that the appropriate venue for appeal is the Superior Court of Wake County. See N.C. Gen.Stat. § 163–182.14 ("Except in the case of a general or special election to either house of the General Assembly or to an office established by Article III of the Constitution, an aggrieved party has the right to appeal the final decision to the Superior Court of Wake County within 10 days of the date of service."). The statute further provides:

> [a]fter the decision by the State Board of Elections has been served on the parties, the certification of nomination or election or the results of the referendum shall issue pursuant to G.S. 163–182.15 unless an appealing party obtains a stay of the certification from the Superior Court of Wake County within 10 days after the date of service. The court shall not issue a stay of certification unless the petitioner shows the court that the petitioner has appealed the decision of the State Board of Elections, that the petitioner is an aggrieved party, and that the petitioner is likely to prevail in the appeal.

N.C. Gen. Stat. Ann. § 163-182.14(b). The language of the statute thus explicitly provides that the Superior Court of Wake County is the proper venue for Plaintiff's claims. <u>See also</u> N.C. Gen. Stat. Ann. § 163-22(l) ("Notwithstanding any other provision of law, in order to obtain judicial review of any decision of the State Board of Elections rendered in the performance of its duties or in the exercise of its powers under this Chapter, the person seeking review must file his petition in the Superior Court of Wake County."). Here, Plaintiff has not shown that he has appealed his case to the Wake County Superior Court or sought a stay of certification in that court. Thus, Plaintiff has not properly appealed his protest as proscribed by statute and has not complied with the procedures for appealing decisions of the State Board of Elections. While this court has jurisdiction to hear constitutional challenges raised by Plaintiff, it does not appear to have jurisdiction to enter the stay of certification of the June 2016 election results sought by Plaintiff, as North Carolina law specifically provides that the Wake County Superior Court alone has jurisdiction to hear appeals from the State Board of Elections and issues stays of certification. <u>See</u> <u>Ponder v. Joslin,</u> 138 S.E.2d 143, 150 (N. C. 1964) (finding that where State Board of Elections obtains jurisdiction of an election protest, its decision can only be reviewed as provided by statute.). As such, while the court will deny Plaintiff's Motion for a TRO, it will keep this case open and address Plaintiff's constitutional claims as they become ripe.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (#3) is **DENIED**.

Signed: July 29, 2016

Max O. Cogburn Jr
United States District Judge