UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00259-MOC-DLH

| | | |
|---|---|---|
| **THOMAS W. HILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **PATRICK L. MCCRORY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on several Motions filed by Plaintiff, who is proceeding pro se in this action. Plaintiff filed this action on July 27, 2016, filing a Complaint (#1) and a Motion for Temporary Restraining Order (#3). The court promptly reviewed the Motion for a Temporary Restraining Order and denied it by written Order on August 1, 2016. See (#5). Plaintiff filed a "Request for Production of Important Document, to Include Motion to Shorten Time for Response" (#7) on August 1, 2016, and the following Motions on August 2, 2016: Motion for Reconsideration of this Court's Order denying the Temporary Restraining Order (#8); Motion to Provide *In Camera* Review of Results of 15 March 2016 Primary Election (#9); Motion for a Preliminary Injunction (#10); and Motion to Set Hearing and Shorten the Time for Response to the Preliminary Injunction Motion (#12). Plaintiff's Motions emphasize that time is of the essence in this case; he requests that this court adjudicate the merits of his claims in this lawsuit "not later than mid August 2016." See (#12). While the court acknowledges Plaintiff's interest in efficient resolution of his claims, the court cannot order

responses from Defendants on a shortened timeframe when service has not yet been accomplished and no attorneys have made an appearance in the case on behalf of Defendants.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (internal quotation marks and alteration omitted). A civil action in federal court commences with the filing of a complaint, see Fed.R.Civ.P. 3, and personal service of a summons and a copy of the complaint upon the defendant, see Fed.R.Civ.P. 4(c)(1). Rule 4 dictates that the summons must, among other things, identify the court and the parties; apprise the defendant when he or she must appear to defend against the allegations; and warn the defendant that failure to appear will result in a default judgment in favor of the plaintiff. See Fed.R.Civ.P. 4(a)(1). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed.R.Civ.P. 4(c)(1). Once service of the summons and complaint has been accomplished, a defendant has twenty-one (21) days to serve an Answer. Fed.R.Civ.P. 12.

ECF indicates that summons were issued conventionally as to all Defendants in this action on July 27, 2016, see Fed. R. Civ. P. 4(a-b), but there is no indication in the record that Defendants have been served. Accordingly, no attorneys have made on appearance on behalf of Defendants in this case. The court cannot assert jurisdiction over Defendants and Order them to respond to Plaintiff's pleadings on a shortened schedule when no proof of service has been entered in the record.

The court enters this Order solely to explain to Plaintiff that despite his assertions that his circumstances entitle him to immediate relief, the court still must abide by the Federal Rules of Civil Procedure and basic principles governing the court's jurisdiction over parties. The court will take up the merits of Plaintiff's Motions when proof of service as to Defendants has been established.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the above motions are to remain outstanding and the court will not review the merits of Plaintiff's requests for relief as to Defendants until proof of service has been entered into the record.

Signed: August 4, 2016

Max O. Cogburn Jr.
United States District Judge