UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00259-MOC-DLH

| | | |
|---|---|---|
| **THOMAS W. HILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **PATRICK L. MCCRORY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on several Motions filed by Plaintiff, who is proceeding pro se in this action. Plaintiff filed this action on July 27, 2016, filing a Complaint (#1) and a Motion for Temporary Restraining Order (#3). The court promptly reviewed the Motion for a Temporary Restraining Order and denied it by written Order on August 1, 2016. See (#5). Plaintiff filed a "Request for Production of Important Document, to Include Motion to Shorten Time for Response" (#7) on August 1, 2016, and the following Motions on August 2, 2016: Motion for Reconsideration of this Court's Order denying the Temporary Restraining Order (#8); Motion to Provide In Camera Review of Results of 15 March 2016 Primary Election  (#9); Motion for a Preliminary Injunction (#10); and Motion to Set Hearing and Shorten the Time for Response to the Preliminary Injunction Motion (#12). The Honorable Dennis Howell, United States Magistrate Judge, denied Plaintiff's "Request for Production of Important Document, to Include Motion to Shorten Time for Response" (#7) on August 4, 2016. See (#14). That same day, this court entered an Order informing Plaintiff that despite his requests that this court adjudicate the merits of his claims in this lawsuit "not later than mid

-1-

August 2016," <u>see</u> (#12), the court would not order responses from Defendants on a shortened timeframe when service had not yet been accomplished and no attorneys had made an appearance in the case on behalf of Defendants. <u>See</u> (#13). As counsel for Defendants have now made an appearance in this case and filed a Motion to Dismiss (#16), the court will now address Plaintiff's pending Motions.

First, regarding Plaintiff's Motion for Reconsideration of this Court's Order denying the Temporary Restraining Order (#8), the court finds no reason to change its prior ruling. Fed. R. Civ. P. 54(b) provides, in relevant part:

> any order or other decision, however designated, that adjudicates fewer than all the claims … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

<u>Id.</u> Courts have an inherent authority to reconsider and revise any interlocutory order. <u>See Beyond Sys., Inc. v. Kraft Foods, Inc.</u>, No. CIV.A. PJM-08-409, 2010 WL 3059344, at *1 (D. Md. Aug. 4, 2010) ("reconsideration of an interlocutory order is within the plenary powers of the Court and can be made 'as justice requires.'") (quoting 7 James Wm. Moore et al., Moore's Federal Practice ¶ 60.20 (2d ed.1966)). The exact standard governing Motions to Reconsider orders other than final judgments under Rule 54 is not set in stone, but the Fourth Circuit has stated that Rule 54(b) motions are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514 (4th Cir.2003). That is because "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." <u>Id.</u> Mindful of such instructions, "district courts in the Fourth Circuit generally look to Rule 59(e)'s standards for guidance." <u>Regan v. City of Charleston, S.C.</u>,

40 F. Supp. 3d 698, 701–02 (D.S.C. 2014) (citing <u>Joe Hand Promotions, Inc. v. Double Down</u> <u>Entm't, LLC</u>, No. 0:11-CV-02438, 2012 WL 6210334, at *2 (D.S.C. Dec. 13, 2012); <u>Ruffin v.</u> <u>Entm't of E. Panhandle</u>, 3:11–CV–19, 2012 WL 1435674, at *3 (N.D.W.Va. Apr. 25, 2012)). Under that standard, the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998) (<u>citing</u> <u>EEOC v.</u> <u>Lockheed Martin Corp.</u>, 116 F.3d 110, 112 (4th Cir. 1997). Rule 59(e) provides an "extraordinary remedy that should be used sparingly," <u>id.</u> (internal citation omitted), which is ultimately within "the sound discretion of the district court." <u>Singletary v. Beazley Ins. Co.</u>, 2013 WL 6850147, at *2 (D.S.C. Dec. 30, 2013) (citation omitted). Importantly, Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." <u>Pac. Ins. Co.</u>, 148 F.3d at 403 (citation and internal quotations omitted). Likewise, a Rule 59(e) motion is not an opportunity to relitigate issues already ruled on because a litigant is displeased with the result. <u>United States ex rel.</u> <u>Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 290 (4th Cir. 2002).

Here, Plaintiff has provided the court with no reason under the governing standards to modify its prior ruling. Again, though mindful of the fact that <u>pro se</u> filings, "however unskillfully pleaded, must be liberally construed," <u>Noble v. Barnett</u>, 24 F.3d 582, 587 n. 6 (4th Cir.1994), the court finds that Plaintiff cannot succeed on his Motion for Reconsideration because he has simply reasserted the same reasons articulated in his prior Motion for a TRO

(#3) and now hopes for a different result. As such, his Motion for Reconsideration will be denied.

Plaintiff's Motion for a Preliminary Injunction (#10) is assessed under the same standards governing his earlier Motion for Temporary Restraining Order ("TRO"). See Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (noting that in evaluating a request for a TRO, the court considers the same factors applied for a preliminary injunction) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)). For the reasons stated in this court's August 1, 2016 Order (#5) denying that Motion, Plaintiff's Motion for a Preliminary Injunction will be denied.

As to Plaintiff's Motion to Set Hearing and Shorten the Time for Response to the Preliminary Injunction Motion (#12), such motion will also be denied. See LCvR 7.1(A) ("Unless made during a hearing or trial, all motions must be put in writing and filed as provided by LCvR 5.2(C) and shall state with particularity the grounds of the motions and shall set forth the relief or Order sought. Motions will ordinarily be ruled upon without oral argument, unless otherwise ordered by the Court.") (emphasis added). The court sees no need for a hearing on the Motion, and no need for expedited briefing given that the court has already essentially assessed the merits of Plaintiff's Motion for a Preliminary Injunction through its prior Order.

Finally, regarding Plaintiff's Motion to Provide In Camera Review of Results of 15 March 2016 Primary Election (#9), such Motion will be denied without prejudice. To the extent that Plaintiff's claims survive Defendants' Motion to Dismiss (#16), Plaintiff may re-offer such election results as evidence in support of the merits of the constitutional claims asserted in this lawsuit.

Having considered the above matters, the court enters the following Order.


## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration of this Court's Order denying the Temporary Restraining Order (#8); Motion for a Preliminary Injunction (#10); and Motion to Set Hearing and Shorten the Time for Response to the Preliminary Injunction Motion (#12) are all **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Provide In Camera Review of Results of 15 March 2016 Primary Election (#9) is **DENIED without prejudice**.


**Plaintiff is advised to concentrate his filing efforts on responding to Defendants' Motion to Dismiss (#16), which raises several plausible substantive and procedural reasons as to why this action should be dismissed, within the time allowed.**


Signed: August 12, 2016

Max O. Cogburn Jr.
United States District Judge