UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00259-MOC-DLH

| | | |
|---|---|---|
| **THOMAS W. HILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **PATRICK L. MCCRORY, NORTH CAROLINA STATE BOARD OF ELECTIONS, KIM W. STRACH, and A. GRANT WHITNEY JR.,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on Defendants' Motion to Dismiss (#16), which has been fully briefed and is ripe for review, as well as Plaintiff's Motion for Leave to File a Supplemental Response to that Motion (#23), which the court has treated as a Motion for Leave to File a Sur-Reply pursuant to LCvR 7.1. In seeking leave to file a Sur-reply, Plaintiff correctly notes that Defendants raised arguments in their response brief that were not raised in their original Motion to Dismiss. As such, the court will accept Plaintiff's Sur-reply and will deem it timely filed. For the reasons explained herein, the court will **DENY without prejudice** Defendants' Motion to Dismiss, and allow Plaintiff additional time to effectuate proper service on Defendants in this action.

I. **INTRODUCTION**

The facts as alleged in the Complaint (#1) are as follows. Plaintiff was a candidate in the 2016 Democratic primary for the U.S. House Representative from the 11th Congressional District of North Carolina. See Complaint at p. 1. According to Plaintiff, there were two

-1-

primaries for the 11th Congressional District, one on March 15, 2016 and another on June 7, 2016; and that voters were allowed to choose different ballots between the two primaries in violation of N.C. GEN. STAT. § 163- 182.13(c). Id. Plaintiff lost the primary by 255 votes. Id. at p. 3. According to Plaintiff, 262 people that voted the Democratic ballot in June had voted in March using the Republican ballot. Id. at p. 4. Of those new voters, 160 were unaffiliated voters in Henderson County that selected the Republican ballot in March, and then the Democratic ballot in June. Id. at p. 3. Another 84 voters were Republicans who changed their status to unaffiliated after the March primary. Id. at p. 4. The remaining 18 voters were Republicans who changed their registration to Democrats after the March primary. Id. Plaintiff believes that he would have won the primary but for those 244 unaffiliated voters and 18 new Democrats that voted in the June primary. Id. Plaintiff filed an election protest with the Henderson County Board of Elections ("County Board") pursuant to N.C. GEN. STAT. § 163-182.9 asserting that the ballot switching invalidated the Congressional results. Id. at p. 1. The County Board held a preliminary hearing and dismissed his protest on June 23, 2016. Id. Plaintiff then appealed the dismissal to the State Board. Id. at pp. 1-2. The State Board held a hearing on July 18, 2016, and dismissed Plaintiff's protest by Order dated July 22, 2016. Id. at p. 2. In its Order, the State Board found as follows:

> 9. All recognized political parties in North Carolina have authorized unaffiliated voters to participate in primary contests under Pursuant (sic) to N.C. GEN. STAT. § 163-119. No recognized political party withdrew its permission in 2016; and
>
> 10. In February 2016, a federal court enjoined the State from holding elections for the U.S. House of Representatives and ordered that the General Assembly adopt a new congressional district plan. *See Harris v. McCrory*, No. 1:13-cv-949, 2016 U.S. Dist. LEXIS 14581 (M.D.N.C. Feb. 5, 2016)
>
> 11. The North Carolina General Assembly approved new congressional districts

and enabling legislation providing that no "secondary primary" would be held during the 2016 election cycle, that votes cast in congressional contests during the March primary were not to be certified and must remain confidential and not a public record. *See* N.C. Sess. Laws 2016-2.

See (#1-2) at p. 2. The State Board then concluded,

> Unaffiliated voters are bound to their prior partisan selections only when a contest is a runoff election (or "second primary"), which are considered continuations of the first primary under N.C. GEN. STAT. § 163-111(e), or when the contest is a new election ordered by the State Board pursuant to N.C. GEN. STAT. § 163-182.13(c). Primary contests held on March 15, 2016 and on June 7, 2016 were distinct elections. The stand-alone election held on June 7, 2016 was required by an enactment of the General Assembly during a special session called for that purpose, and was not a new election ordered by the State Board under N.C. GEN. STAT. § 163- 182.13(c). To the extent any unaffiliated voters chose a different partisan ballot in March than they had in June, those voters were legally authorized to do so[.]

Id. Thus, the State Board ruled that Plaintiff "presented no credible basis in law or fact in support of his allegation that a violation of election law or other irregularity or misconduct affected the election held in June." Id. at p 3.

Plaintiff then commenced this action on July 27, 2016, filing a Complaint (#1) for declaratory and injunctive relief. In Count One, Plaintiff argues that the State of North Carolina violated his First Amendment rights, as well as Due Process and Equal Protection rights pursuant to the Fifth and Fourteenth Amendments by allowing the switching of ballot selection between March 15 and June 7. Count Two states that the State of North Carolina failed to provide Plaintiff with the March 15 voting results, and contains a request by Plaintiff for the court to enter a protective order to prevent their destruction. Count Three states a grievance with the way in which the state allocated Buncombe County voting precincts in between the 10th and 11th Congressional districts. In his statement of relief sought, Plaintiff asks that the court: 1) enjoin the North Carolina State Board of Elections from certifying the results for the June 7, 2016

Democratic primary in the 11th Congressional District until a recount has been accomplished wherein the votes by persons who selected the Republican ballot during the March 15 primary and the Democratic ballot during the June 7 primary are disallowed in the Congressional district; 2) order the SBE to release the vote totals for the March 15 primary; and 3) order the State of North Carolina to "re-accomplish the inclusion of Buncombe County in the 11th Congressional District in a constitutionally permissible manner." See Complaint at p. 6. The same day that he filed his Complaint, Plaintiff filed a Motion for Temporary Restraining Order (#3). The court promptly reviewed the Motion for a Temporary Restraining Order and denied it by written Order on August 1, 2016. See (#5). The Court denied Plaintiff's Motion for Reconsideration and several other Motions by written Order dated August 12, 2016. See (#20).

## II. MOTION TO DISMISS

Defendants have moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5), and (6). Defendants argue that Plaintiff has failed to properly serve the summons and Complaint, that the Eleventh Amendment bars Governor McCrory and Chairman Whitney from being proper Defendants in this action, that this court lacks subject matter jurisdiction over this appeal because the North Carolina Superior Court has exclusive jurisdiction over this case, and that Plaintiffs have failed to state a claim upon which relief can be granted. In their Reply brief, Defendants also argue that this action is moot, that the Younger-Huffman-Ohio abstention doctrine applies, and that Eleventh Amendment immunity prevents all parties from being named as defendants in this action. As noted above, while Defendants improperly raised additional grounds for relief in their Reply brief, see LCvR 7.1(E) ("a reply brief should be limited to a discussion of matters newly raised in the response"), Plaintiff has

filed a sur-reply which the court has deemed timely filed. Because the court finds that Plaintiff has failed to effectuate service in accordance with the Rules of Civil Procedure, but that he has shown excusable neglect in doing so, the court will deny Defendants' Motion to Dismiss without prejudice, and allow Plaintiff additional time to properly effectuate service before analyzing the merits of Defendant's Motion.

### A. Effectuation of Service

Defendants argue that Plaintiff failed to properly effectuate service in that he failed to use a non-party to do so and failed to serve the designated agent for service of process for Governor McCrory as well as the State Board, Chairman Whitney, and Executive Director Strach.

Without proper service, this Court lacks personal jurisdiction over the defendants. See Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant."). When a civil action is commenced by the filing of a complaint, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 3, 4(c). Unless a plaintiff notifies the defendant of the action and requests that defendant waive service, plaintiff must serve the summons and complaint within the time allowed by Rule 4(m). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. Rule 4(c)(2) (emphasis added). A plaintiff cannot personally serve the summons and complaint on the defendant. Pitts v. O'Geary, 2014 WL 229350, at *4 (E.D.N.C.2014) ("[P]laintiffs may not personally serve defendants."). Similarly, a plaintiff cannot serve a defendant by personally placing the summons and complaint in the mail. Id. at *4 ("This principle in Rule 4(c)(2) applies '[e]ven when service is effected by use of the mail[.][O]nly a nonparty can place the summons

and complaint in the mail.... [T]he rule contains no mailing exception to the nonparty requirement for service.'" (internal citations omitted)); Deo v. N.C. Dep't of Envir. & Nat. Res., 2014 WL 3738448 (E.D.N.C.2014) (same). Dismissal of a complaint may be appropriate when the plaintiff personally serves a defendant instead of perfecting service through a non-party. Pitts, 2014 WL 229350, at *4 (dismissing pro se plaintiffs' complaint without prejudice because they failed to comply with Rule 4 or the court's orders); Deo, 2014 WL 3738448, * 2 (dismissing complaint for insufficient service of process where pro se plaintiff attempted to personally serve defendant by certified mail). Unless service is waived or served by a United States Marshal or Deputy Marshal, proof of service must be made by affidavit. Fed. R. Civ. P. 4(l)(1).

Relevant to this case, which involves State Defendants, Federal Rule of Civil Procedure 4(j)(2) provides two ways to serve a state or "any other state-created governmental organization": a plaintiff may either "deliver[ ] a copy of the summons and of the complaint to its chief executive officer," or "serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed.R.Civ.P. 4(j)(2)(A)-(B). Under North Carolina Rule of Civil Procedure 4(j)(4)(a), service on a state agency is made by serving its process agent. Service may be made by certified mail, return receipt requested. N.C. Gen.Stat. § 1A–1, Rule 4(j)(4)(a). Under the federal rules and North Carolina rules, both the summons and complaint must be served. Fed.R.Civ.P. 4(c)(1); N.C. Gen.Stat. § 1A–1, Rule 4(j)(4)(a). Pursuant to N.C. GEN. STAT. § 1A-1, Rule 4(J)(4)(b), both the Office of the Governor and the State Board have appointed agents for service of process. The list of agents for service of process for the various North Carolina agencies is available at: http://www.ncdoj.gov/getdoc/f85e2106-9532-4a64-9c58-ebb251165639/2-6-4-3-2-Process-Agent-Directory.aspx. The Office of the

Governor appointed its General Counsel, Robert C. Stephens, as its agent for service of process and provided two addresses: 116 W. Jones Street, Raleigh, NC 27603- 8001; and 20301 Mail Service Center, Raleigh, NC 27699-0301. The State Board of Elections appointed its General Counsel, Josh Lawson, as its agent for service of process and provided his address as 441 N. Harrington Street, Raleigh, NC 27603.

Once the sufficiency of service has been challenged as Defendants have done here, "[t]he plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." Filloramo v. United Event Serv., No. 3:13CV348-RJC-DSC, 2015 WL 2381047, at *2–3 (W.D.N.C. Mar. 26, 2015), report and recommendation adopted sub nom. Filloramo v. United Events Serv., No. 3:13-CV-348-RJC-DSC, 2015 WL 2400808 (W.D.N.C. May 19, 2015) (collecting cases) (internal quotation marks omitted). "A plaintiff must produce prima facie evidence that service was proper." Fenner v. John Umstead Hosp., No. 1:09CV977, 2014 WL 257274, at *3 (M.D.N.C. Jan. 23, 2014). "Normally the process server's return will provide a prima facie case as to the facts of service." Id. (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil 3d § 1353, at 343 (3d ed. 2004); Ngabo v. Le Pain Quotidien, Civ. A. No. DKC 11–0096, 2011 WL 978654, at *2 (D.Md. Mar. 17, 2011). If a plaintiff produces such evidence, the burden shifts to the defendant to provide convincing evidence of insufficient process. Id.

"Technical non-compliance with Rule 4 does not always require dismissal of a lawsuit. For good cause, the Court may extend the time for plaintiff to effect service." Filloramo, 2015 WL 2381047, at *3. A finding of good cause requires that Plaintiff show he acted in good faith and demonstrate some form of due diligence in attempting service. See, e.g., Elkins v. Broome,

213 F.R.D. 273, 276 (M.D.N.C. 2003); Yongo v. Nationwide Affinity Ins. Co. of Am., 2008 WL 516744, at *8 (E.D.N.C. 2008).

Here, on the same date that he filed the Complaint, Plaintiff filed a "Certificate of Service on Parties of Interest" of the Complaint and Plaintiff's Motion for Temporary Restraining Order, but only certified service on the "NC Democratic Party" and "Rick Bryson," who are named in the Complaint as "Parties of Interest" in this lawsuit, not Defendants. See (#4). On August 1, 2016, Plaintiff filed a Supplemental Certificate of Service (#6), in which he certified that he "served a copy of the Complaint by first class mail" to the attention of Assistant Attorney General James Bernier, Jr., at 9001 Mail Service Center, Raleigh, NC 27699-9001. The Supplemental Certificate of Service does not identify which defendant was served, but it appears that Plaintiff was attempting to effectuate service of process on all Defendants by mailing the Complaint to counsel with the North Carolina Attorney General's office.

Plaintiff has not submitted the required affidavit proving service on any of the defendants, which alone makes service invalid at this point. See FED. R. CIV. R 4(l)(1)("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Plaintiff also does not appear to dispute that he failed to have a non-party place the summons and Complaint in the mail. Because Plaintiff, and not a non-party, attempted to personally serve all Defendants by certified mail, he has not effectuated service in accordance with the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 4(c)(2). While the court acknowledges that the Plaintiff is proceeding pro se and thus not wholly familiar with the Rules of Civil Procedure, "[e]ven pro se plaintiffs must comply with the Federal Rules of Civil Procedure." Deo v. N. Carolina Dep't of

Env't & Nat. Res., No. 5:13-CV-323-D, 2014 WL 3738448, at *2 (E.D.N.C. July 29, 2014) (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 14952 (1984) (per curiam); Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013–14 (5th Cir.1990) (per curiam)). Additionally, although the court "enjoys some discretion in enforcing Rule 4 when there is actual notice [to the Defendants], 'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" Id. (quoting Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984)). Here, Plaintiff has failed to show that he effectuated service by a non-party. Plaintiff has therefore not properly effectuated service. Accordingly, the court lacks personal jurisdiction over the Defendants at this time. See Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant."). However, the court finds that Plaintiff has shown excusable neglect in failing to properly effectuate service, largely due to his pro se status, and will accommodate Plaintiff's request to extend the time for him to effectuate service under Rule 4(m).[1] See Rule 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

---

1 As to Defendants' argument that Plaintiff has failed to properly serve the registered agents of the State defendants, the court instructs Plaintiff that upon any re-attempt to effectuate service, he should carefully review and comply with the Rules of Civil Procedure in serving the appropriate party. See Rule 4(j)(2).

### III. CONCLUSION

Because the court finds that Plaintiff has failed to effectuate service in accordance with the Federal Rules of Civil Procedure, the court will allow Plaintiff additional time to properly bring this action before the court. The court will not entertain Plaintiff's request that the court proceed to the merits of his claims in light of defective service, as the court currently lacks personal jurisdiction over Defendants.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Response (#23) is **GRANTED** and such Motion is hereby deemed timely filed.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (#16) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall be allowed an additional thirty (30) days from the date of this Order to effectuate service in accordance with the Federal Rules of Civil Procedure.

Signed: August 29, 2016

Max O. Cogburn Jr
United States District Judge