UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00259-MOC-DLH

| | | |
|---|---|---|
| **THOMAS W. HILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **PATRICK L. MCCRORY, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiff's Rule 59(e) Motion to Amend Judgment (#45) and plaintiff's Request for a Three Judge Court (#46). The court issued an Order (#43) dismissing the plaintiff's action and a Clerk's Judgment (#44) was entered. The court has considered each of the plaintiff's filings and enters the Order below.

**(A) Rule 59(e) Motion to Amend Judgment**

A Rule 59(e) Motion is "an extraordinary remedy" that must be "used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), cert denied, 525 U.S. 1104 (1999) (citation omitted). In this Circuit, there are three grounds for federal courts to grant Rule 59(e) Motions: (a) an intervening change in controlling law; (b) accounting for new evidence not available at trial; and (c) correcting a clear error of law or preventing a manifest injustice. Id.

Plaintiff alleges that amendment to the court's judgment is needed to prevent manifest injustice or correct a clear error. (#45). There is no such need here. As noted in the court's prior Order, the proper venue for the plaintiff's claim was state court. (#43 at 3). The plaintiff has not properly appealed his protest as proscribed by state statute. See Ponder v. Joslin, 138 S.E.2d 143,

-1-

150 (N.C. 1964). The court refers its prior Order, as the plaintiff has sought retrospective relief, which is not justiciable in this court, and failed to state a claim that is even arguably outside the Eleventh Amendment's protections afforded to the state. (#43 at 5).

The plaintiff further alleges that he was treated in a "discriminatory and disparate manner." (#47). *Inter alia,* plaintiff raises concern that no hearings were held in this matter. Under the Local Rules, motions—like those of the litigants in this case—will "ordinarily be ruled upon without oral argument." LCvR 7.1(A).

Plaintiff did not exhaust his state court remedies. As noted in the prior Order (#43), this court lacks jurisdiction over this matter and many of the named defendants. The plaintiff asks the court to amend its prior Order and Judgment. The court will not do so, and the plaintiff's Motion will be denied.

**(B) Request for a Three-Judge Court**

Plaintiff requests that the above-captioned matter is heard by a three-judge panel. As grounds, plaintiff claims that no District Court had addressed or ruled upon his third cause of action. (#46).

Plaintiff's entire case has been dismissed *with* prejudice in federal court for lack of jurisdiction. A three-judge panel of federal judges would similarly lack jurisdiction. See Shapiro v. McManus, 136 S.Ct. 450, 455 (2015). The matter is closed.

Plaintiff's case has been dismissed *without* prejudice with regard to state court. Jurisdiction in this matter is proper in the state court system. Accordingly, the plaintiff's Motion will be denied.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Rule 59(e) Motion to Amend Judgment (#45) is **DENIED** and plaintiff's Request for a Three Judge Court (#46) is also **DENIED**.

Signed: November 8, 2016

Max O. Cogburn Jr.
United States District Judge